## ALVAH KIMBALL *vs.* ALBERT THOMPSON.

When one of two partners, with the consent of the other, sells and conveys one half of the effects of the firm to a third person, and the other partner after-wards sells and conveys the other half to the same person, such sales and con-veyances are not *prima facie* void, as against the creditors of the firm, but are *prima facie* valid, against all the world, and can be set aside only by the creditors of the firm, upon their proving the transactions to be fraudulent as against them.

THIS was an action of replevin, to recover certain chattels which had been attached by the defendant, a deputy sheriff as the property of Edward H. Ashcroft and Henry B. Odiorne, partners, doing business under the firm of E. H. Ashcroft & Co. in Medford.

At the trial in the court of common pleas, before *Wells,* C. J. the plaintiff offered to prove that, before the defendant attached said chattels, he (the plaintiff) purchased of Ashcroft, one of the firm above named, with the consent of Odiorne, the other partner, one half of the effects of the firm, and paid Ashcroft therefor; and that he afterwards purchased of said Odiorne the other half of the effects of the firm, and paid him therefor; that he took possession of said effects under said purchases; and that the articles described in his writ of replevin were among the effects so purchased by him.

The judge ruled, that the plaintiff's title, thus acquired, was *prima facie* void as against the claims of the creditors of E. H. Ashcroft & Co., and a verdict was returned for the de-fendant. The plaintiff filed exceptions to the said ruling.

*I. Story*, for the plaintiff.

*Brinley*, for the defendant.

SHAW, C. J.  Nothing appears in the case to show that the sale, either by Ashcroft or Odiorne, to the plaintiff, was fraudulent as against their creditors.  Ashcroft could sell his undivided interest, with the consent of his partner, Odiorne ; and upon such sale, the plaintiff became owner of a moiety, and tenant in common with Odiorne.  And so Odiorne could sell his moiety to the plaintiff, before any attachment or other claim of the creditors of the firm of Ashcroft & Co. intervened.  This, it appears from the facts, was done ; and it constituted a good title against the former owners, the partners, and *prima facie* a good title against all the world ; to be defeated and set aside only by the creditors of Ashcroft & Co. by their showing the conveyance to be fraudulent as against them.

*Verdict set aside, and a new trial ordered.*